UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EARNEST BELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 3:09 CV 137 |
| | ) |
| SUPERINTENDENT, WESTVILLE | ) |
| CORRECTIONAL FACILITY, | ) |
| | ) |
| Respondent. | ) |

## OPINION and ORDER

Earnest Bell, a prisoner confined at the Westville Correctional Facility, filed this petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, challenging his 2006 Cass County convictions of two counts of dealing in cocaine, for which he received sentences of twenty years to be served concurrently. Bell filed his current petition for writ of *habeas corpus* on March 30, 2009. Respondent moves to dismiss this petition as a second and successive petition. Respondent's submissions establish that Bell filed an earlier petition for writ of *habeas corpus* in the United States District Court for the Southern District of Indiana, cause number 2:07-cv-00193-LJM-WGH, which was denied by that court on January 17, 2008. (DE ## 10-2, 3, and 4.)

Pursuant to 28 U.S.C. § 2244(b):

A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

28 U.S.C. § 2244(b)(1).

> Before a second or successive application permitted by [28 U.S.C. § 2244(b)(2) which was not presented in a prior application] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3).

Absent very narrow circumstances, a person convicted pursuant to the judgment of a state court may bring only one application for federal collateral relief. 28 U.S.C. § 2244; *Felder v. McVicar*, 113 F.3d 696, 698 (7th Cir. 1997); *Benton v. Washington*, 106 F.3d 162,163 (7th Cir. 1997); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). As a threshold matter, a person who seeks to file a "second or successive" habeas petition may not proceed with that petition without first obtaining leave from the United States Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). That is, "[b]efore a second or successive application permitted by [§ 2244(b)(2)] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (emphasis added). Absent such authorization, the district court has "no option other than to deny the petition," and "*must* dismiss a second or successive petition." *Nunez*, 96 F.3d at 991 (emphasis in original).

Respondent's submissions establish that on July 26, 2007, Bell filed a petition for writ of habeas corpus in the Southern District of Indiana, which was dismissed with prejudice. (DE # 10-3.) Bell does not assert that he has obtained an order from the Court of Appeals permitting him to file a second or successive petition either seeking another

review of issues presented in his original petition or to present issues not presented in cause number 2:07-cv-00193-LJM-WGH. "A district court *must* dismiss a second or successive petition . . . unless the court of appeals has given approval for its filing." *Nunez*, 96 F.3d at 991 (emphasis in original). Accordingly, this court must dismiss Bell's petition for writ of *habeas corpus*. Because Bell may refile this petition as a second and successive petition if he obtains permission from the United States Court of Appeals for the Seventh Circuit, the court will dismiss this petition without prejudice.

For the foregoing reasons, the court **GRANTS** respondent's motion to dismiss (DE # 10) and **DISMISSES** this petition without prejudice pursuant to 28 U.S.C. § 2244(b). Respondent's motion for relief from the order requiring him to submit petitioner's full and complete state court record (DE # 12) is **DENIED** as moot.

**SO ORDERED.**

Date: November 17, 2009

 s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT